## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

DANIELA QUIROZ and
GILBERT HERNANDEZ, *on behalf of*
*themselves and others similarly situated*,

                  *Plaintiffs*,

      v.

APPLE & EVE, LLC,

                *Defendant*.

:
:
:
:
:
:    Civil Action No. 2:18-cv-00401 (SJF)(ARL)
:
:
:
:
:
:
:
:

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION
## FOR PARTIAL DISMISSAL OF PLAINTIFFS' AMENDED COMPLAINT

**DUANE MORRIS LLP**
1540 Broadway
New York, New York 10036
Tel.: 212.692.1000
Fax: 212.202.4562
*Attorneys for Defendant Apple & Eve, LLC*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................1

STATEMENT OF FACTS .....................................................................1

    The Parties ....................................................................................1

    Ms. Quiroz's Purchase of Apple & Eve Cranberry Raspberry Juice in New
    York ............................................................................................2

    Mr. Hernandez's Purchase of Apple & Eve Apple Juice in California ..............2

    The Allegedly Deceptive Labeling .....................................................3

    The Alleged Injury is the Price Differential Between the Product With
    Deceptive and  Non-Deceptive Labeling ..............................................3

    Plaintiffs Will Make No Future Purchases of Apple & Eve Juices,
    Knowing What They Know Now .......................................................4

    The Litigation...............................................................................4

LEGAL STANDARD...........................................................................5

ARGUMENT ...................................................................................6

I.    THIS COURT SHOULD DISMISS PLAINTIFFS' CLAIM FOR INJUNCTIVE
    RELIEF AND THE DEMAND FOR INJUNCTIVE RELIEF IN THE AD
    DAMNUM CLAUSE .......................................................................6

    A.    Since Federal Courts Are Courts of Limited Jurisdiction, Plaintiffs'
        Standing is Defined by Article III of the United States Constitution ......6

    B.    Plaintiffs Have Not Shown and Cannot Show Standing to Seek
        Injunctive Relief....................................................................7

    C.    Plaintiffs Affirmatively Allege That They Would Not Buy
        Defendant's  Products Again, as Currently Labeled and Marketed........8

    D.    Plaintiffs Cannot Assert Any Policy Exception To Article III's
        Rules On Standing for Injunctive Relief.......................................10

    E.    This Court Also Should Dismiss Count I Because The Remedy Of
        "Injunction" Is Not An Independent Cause Of Action ........................11

i

II.     PLAINTIFFS LACK STANDING TO ASSERT CLAIMS ARISING UNDER
        STATE LAW OTHER THAN NEW YORK OR CALIFORNIA ...................................11

III.    PLAINTIFFS CANNOT STATE A CLAIM UNDER THE CALIFORNIA
        CONSUMERS LEGAL REMEDIES ACT BECAUSE THEY DID NOT
        ALLEGE GIVING WRITTEN NOTICE TO DEFENDANT BEFORE
        COMMENCING THIS LITIGATION ..............................................................................13

CONCLUSION..............................................................................................................................14

**TABLE OF AUTHORITIES**

**Cases**

*American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974)................................4

*Atik v. Welch Foods, Inc.*, No. 15 Civ. 5405, 2016 U.S. Dist. LEXIS 106497, at *6
 (Aug. 5, 2016), *accepted by* 2016 U.S. Dist. LEXIS 136056 (E.D.N.Y. Sept.
 30, 2016) ................................................................................................ 5, 9-10

*In re Avon Anti-Aging Skincare Creams & Prods. Mktg. & Sales Practices Litig.*,
 No. 13-CV-150, 2015 U.S. Dist. LEXIS 133484 (S.D.N.Y. Sept. 30, 2015).........10

*Belifiore v. The Proctor & Gamble Co.*, 94 F. Supp. 3d 440 (E.D.N.Y. 2015)...............8

*Bernardino v. Barnes & Noble Booksellers, Inc.,* No. 17-CV-04570, 2017 U.S.
 Dist. LEXIS 129038, at *16 (S.D.N.Y.), *adopted by,* 2017 U.S. Dist. LEXIS
 137658 (S.D.N.Y. Aug. 28, 2017 ......................................................................10

*Buonasera v. Honest Co.,* 208 F. Supp. 3d 555 (S.D.N.Y. 2016) ..................................9

*Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007) .......................13

*Chang v. Fage United States Dairy Indus.*, No. 14-CV-3826, 2016 U.S. Dist.
 LEXIS 133571 (E.D.N.Y. Sep. 28, 2016) ..........................................................8, 10

*Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382 (S.D.N.Y. 2010)................................11

*Davis v. Hain Celestial Group, Inc.*, No. 17-CV-5191, 2018 U.S. Dist. LEXIS
 56794 (E.D.N.Y. Apr. 3, 2018)..........................................................................11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167
 (2000) ..............................................................................................................6

*Greene v. Gerber Prods. Co.*, 262 F. Supp. 3d 38 (E.D.N.Y. 2017)...........................5,7

*Jewish People for the Betterment of Westhampton Beach v. Vil. of Westhampton
 Beach*, 778 F.3d 390 (2d Cir. 2015)..................................................................6

*Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304 (S.D.N.Y. 2017) ...............10

*Kommer v. Bayer Consumer Health*, 710 Fed. App'x 43 (2d Cir. 2018) ................. 8-10

*Kowalski v. Tesmer*, 543 U.S. 125 (2004) .................................................................7

*Los Angeles v. Lyons,* 461 U.S. 95 (1983).............................................................6,10

*Mantikas v. Kellogg Co.*, No. 16-CV-2552, 2017 U.S. Dist. LEXIS 83311
 (E.D.N.Y. May 31, 2017) (Feuerstein, J.)........................................................12,13

*Marcavage v. City of New York*, 689 F.3d 98 (2d Cir. 2012) ........................................................7

*Marino v. Coach, Inc.*, 264 F. Supp. 3d 558 (S.D.N.Y. 2017) ....................................................8

*Miller v. Wells Fargo Bank, N.A.*, 994 F. Supp. 2d 542 (S.D.N.Y. 2014).................................11

*Mosely v. Vitalize Labs, LLC*, No. 13-CV-2472, 2015 U.S. Dist. LEXIS 111857
(E.D.N.Y. Aug. 24, 2015)............................................................................................12, 13

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220 (2d Cir. 2016)................................................. 6-7, 10

*Price v. L'Oreal USA, Inc.*, No. 17 Civ. 0614, 2017 U.S. Dist. LEXIS 165931
(S.D.N.Y. Oct. 5, 2017) ......................................................................................................8

*Quiroz v. Beaverton Foods, Inc.,* No. 17-07348 (E.D.N.Y.) ........................................................2

*Rodriguez v. Hanesbrands Inc.*, No. 17-CV-1612, 2018 U.S. Dist. LEXIS 28002
(E.D.N.Y. Feb. 20, 2018)................................................................................................6,7

*Simon v. E. Kentucky Welfare Rights Org.,* 426 U.S. 26 (1976) ..................................................7

*Sitt v. Nature's Bounty, Inc.*, No. 15-CV-4199, 2016 U.S. Dist. LEXIS 131564
(E.D.N.Y. Sep. 26, 2016)....................................................................................................9

*Stolz v. Fage Dairy Processing Indus. S.A.*, No. 14-CV-3826, 2015 U.S. Dist.
LEXIS 126880 (E.D.N.Y. Sept. 22, 2015) ...................................................................12, 13

*Wurtz v. Rawlings Co., LLC*, No. 12-CV-01182, 2014 U.S. Dist. LEXIS 141869
(E.D.N.Y. Oct. 3, 2014)......................................................................................................5

**Statutes**

Cal. Civ. Code §§ 1750 *et seq*...................................................................................................13

Cal. Civ. Code § 1782 (a)(1).......................................................................................................13

Cal. Civ. Code § 1782 (a)(2).......................................................................................................13

New York General Business Law Section 349.............................................................................8

New York General Business Law Section 350.............................................................................8

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)................................................................................................... passim

Fed. R. Civ. P. 12(b)(6)................................................................................................... passim

United States Constitution, Article III ............................................................................. passim

Defendant Apple & Eve, LLC ("Apple & Eve") respectfully submits this memorandum in support of its Motion for Partial Dismissal of Plaintiffs' Amended Complaint.

## PRELIMINARY STATEMENT

The expression "once bitten, twice shy" has been traced to Aesop's Fable of the Dog and the Wolf.  Its use is apt here because even if it were true that Plaintiffs were deceived about Defendant's juices – which Defendant vigorously denies – Plaintiffs now know about the alleged deception and thus could not be deceived by Defendant's alleged mislabeling or marketing in any future purchases.  Because there is no possibility that Plaintiffs will rely on Defendant's allegedly deceptive labeling in the future, Plaintiffs are without standing to seek to recover injunctive relief.  Therefore, Count I and paragraph (f) of the *ad damnum* clause of the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

To the extent the Amended Complaint purports to assert claims in Counts I, II, III and VII for violations of state laws other than those of New York or California – the states where Plaintiffs reside and made their alleged purchases – this Court should dismiss those claims pursuant to Fed. R. Civ. P. 12(b)(1).  Plaintiffs lack standing to assert violations of the laws of the remaining 48 states and the District of Columbia.

Finally, Count IV of the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs fail to allege that they provided advance written notice to Defendant prior to filing this lawsuit, as required by California law.

## STATEMENT OF FACTS

### The Parties

Plaintiffs Daniela Quiroz and Gilbert Hernandez attempt by this action to represent classes of diverse "similarly situated" persons, including citizens of the fifty states and the District of Columbia, who purchased certain varieties of Apple & Eve's juice products.  *See*

Amended Complaint ¶¶ 5, 9, 66.  Plaintiff Quiroz is a New York citizen and resides in Kings County, New York.  *Id.* ¶ 13.  Plaintiff Hernandez is a citizen of California and resides in Los Angeles, California.  *Id.* ¶ 14.

Defendant Apple & Eve was organized under Delaware law, and its principal place of business is located in Port Washington, New York.  *Id.* ¶ 15.  Plaintiffs assert that Apple & Eve "develops, markets and sells" juice beverage products.  *Id.* ¶ 16.

**Ms. Quiroz's Purchase of Apple & Eve Cranberry Raspberry Juice in New York**

Plaintiffs allege that on September 25, 2017, Ms. Quiroz purchased an eight-pack of 6.75 fl. oz. boxes of Apple & Eve Cranberry Raspberry Juice for $2.99 at a Food Bazaar in Jackson Heights, Queens, New York.  *Id.* ¶ 13.  She alleges that she bought the juice because of and in reliance on the label's representations that "no sugar [was] added" and that the product was preservative-free.  *Id.*

Apparently, no number of repeated encounters with allegedly deceptive labels is instructive to Ms. Quiroz.  Mere months before suing Apple & Eve, Ms. Quiroz filed a putative class action against Beaverton Foods in this district, claiming that she was deceived by a label in which a mustard was described as "preservative free" even though the mustard contained citric acid, one of the ingredients she complains about here.  *See Quiroz v. Beaverton Foods, Inc.,* No. 17-07348 (E.D.N.Y.), Quiroz Complaint ¶¶ 13-18.  It is indeed surprising that Ms. Quiroz would rely on "preservative free" labels, given her prior knowledge.

**Mr. Hernandez's Purchase of Apple & Eve Apple Juice in California**

Plaintiffs further allege that on November 15, 2017, Mr. Hernandez purchased an eight-pack of 6.75 fl. oz. boxes of Apple & Eve Apple Juice for $3.99 at a Ralph's Store in Los Angeles, California.  Amended Complaint ¶ 14.  He too alleges that he bought the juice because

of and in reliance on the label's representation that "no sugar [was] added" and that the product was preservative-free.  *Id.*

**The Allegedly Deceptive Labeling**

Plaintiffs allege that the Apple & Eve labeling upon which they relied is deceptive.  *Id.* ¶¶ 1-6.  They assert that the statement "no sugar added" on the labels is misleading, although they make no claim that this statement is false.  Instead, their claim is that Apple & Eve should have alerted them that, in addition to no sugar being added, the juices are not low-calorie products.

As for the labels' statement that "[no] preservatives have been added," Apple & Eve will show at the appropriate time that it adds no preservatives to these juice products.  Citric acid or ascorbic acid may be added for other purposes, such as to serve as fortifiers, but not as preservatives.

Those issues are for another day.  Although Apple & Eve stands by its labeling statements as true and non-deceptive, the truth of Plaintiffs' allegations is assumed solely for purposes of this responsive motion.

**The Alleged Injury is the Price Differential Between the Product With Deceptive and Non-Deceptive Labeling**

Plaintiffs claim that they were injured by the inflated prices they paid for their purchases due to their respective beliefs that the juice was "a lower calorie, preservative free [p]roduct." *Id.* ¶¶ 13, 14, 62.  They allege that Apple & Eve delivered a product "of significantly less value" than the purchase prices of $2.99 and $3.99.  *Id.* ¶ 62.  While not specifying the amount, Plaintiffs claim that their damages are the differential between the price they paid with the labeling they saw and the price they would have paid with different, allegedly less deceptive labeling.

3

## Plaintiffs Will Make No Future Purchases of Apple & Eve Juices, Knowing What They Know Now

Plaintiffs contend that, at the time of their purchases, neither they nor the members of the putative classes knew that the juices were – in their words – "misbranded and mislabeled." *Id.* ¶ 60. They expressly claim that they would not have purchased the juices at the prices paid "had [they] known it was mislabeled." *Id.* ¶¶ 13, 14. *See also id.* ¶¶ 60, 63 (plaintiffs and the putative classes "would not have bought the Products had they known the truth about them.") Plaintiffs go as far as to allege that, knowing what they now know, they could not rely on the truthfulness of Apple & Eve's labeling and marketing in the future. *Id.* ¶¶ 13, 14.

As of the commencement of this class action on January 19, 2018, however, both Plaintiffs had actual knowledge about Apple & Eve's allegedly deceptive marketing and labeling.[1] Therefore, Plaintiffs do not – and cannot – allege a likelihood of future harm by virtue of that marketing and labeling. To the contrary, they claim that Plaintiffs and the putative class "would not have bought the Products had they known the truth about them." *Id.* ¶ 60. Logic and common sense dictate that, as now fully-informed consumers, neither the named Plaintiffs nor the putative class will in the future purchase juices with allegedly offending marketing and labeling.

## The Litigation

Plaintiffs commenced this litigation by Complaint on January 19, 2018. On January 22, 2018, this Court rejected the Summons proposed by Plaintiffs as having a caption that did not match the Complaint. Plaintiffs submitted a new proposed Summons, and on January 26, 2018, this Court again rejected the proposed summons for having the wrong caption. On February 5,

---

[1]   Similarly, any putative class members have constructive knowledge of Apple & Eve's alleged conduct, based on the commencement of this litigation and the benefit they may receive therefrom, under *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974).

2018, Plaintiffs filed an Amended Complaint and with it a third proposed Summons.  This Court issued that third summons on February 6, 2018.

On March 19, 2018, Defendant and Plaintiffs jointly moved for an extension of time to respond to the Amended Complaint, which motion included Apple & Eve's stipulation to accepting service of the Amended Complaint.

## LEGAL STANDARD

This motion seeks dismissal both for failure to state a claim and for lack of subject matter jurisdiction under Fed. R. Civ. P 12 (b)(1) and (b)(6).  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "assess[es] the legal feasibility of the complaint."  *Atik v. Welch Foods, Inc*., No. 15 Civ. 5405, 2016 U.S. Dist. LEXIS 106497, at *6 (Aug. 5, 2016) ("*Atik I*"), *accepted by* 2016 U.S. Dist. LEXIS 136056 (E.D.N.Y. Sept. 30, 2016) ("*Atik II*").  Under Rule 12(b)(6), "a complaint must allege a plausible set of facts sufficient to raise a right to relief above the speculative level."  *Wurtz v. Rawlings Co., LLC*, No. 12-CV-01182, 2014 U.S. Dist. LEXIS 141869, at *9 (E.D.N.Y. Oct. 3, 2014).

By contrast, "[a] district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court 'lacks the statutory or constitutional power to adjudicate it.'"  *Greene v. Gerber Prods. Co*., 262 F. Supp. 3d 38, 51 (E.D.N.Y. 2017) (internal citations omitted).  It is the plaintiff's burden to establish subject matter jurisdiction. While courts "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, . . . jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  *Id*. at 52 (internal citations and quotation marks omitted).

Apple & Eve's Motion to Dismiss should be granted for the reasons set forth below.

## ARGUMENT

**I.    THIS COURT SHOULD DISMISS PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF AND THE DEMAND FOR INJUNCTIVE RELIEF IN THE AD DAMNUM CLAUSE**

This Court should dismiss Count I – Plaintiffs' claim for injunctive relief – and their demand for injunctive relief in the *ad damnum* clause under Fed. R. Civ. P. 12 (b)(1) because Plaintiffs lack standing to seek injunctive relief.  Moreover, Count I should be dismissed under Fed. R. Civ. P. 12 (b)(6) because injunctive relief is a remedy, not an independent cause of action.

**A.    Since Federal Courts Are Courts of Limited Jurisdiction, Plaintiffs' Standing is Defined by Article III of the United States Constitution**

Article III of the United States Constitution limits the subject matter jurisdiction of federal courts "to the resolution of 'Cases' and 'Controversies.'"  *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016).  To fall within Article III, a plaintiff must have standing to assert each claim and each form of relief sought.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) (citing *Los Angeles v. Lyons,* 461 U.S. 95, 109 (1983)).

To establish standing, "(1) the plaintiff must have suffered an injury-in-fact; (2) there must be a causal connection between the injury and the conduct at issue; and (3) the injury must be likely to be redressed by a favorable decision."  *Jewish People for the Betterment of Westhampton Beach v. Vil. of Westhampton Beach*, 778 F.3d 390, 394 (2d Cir. 2015).  Past injuries may establish standing for damages claims, but they do not confer standing for injunctive relief unless the plaintiff shows that he or she is likely to suffer future harm in a similar way.  *Nicosia*, 834 F.3d at 239.

Future harm must be "*certainly impending*" to constitute injury-in-fact.  *Rodriguez v. Hanesbrands Inc.*, No. 17-CV-1612, 2018 U.S. Dist. LEXIS 28002, at *23 (E.D.N.Y. Feb. 20,

2018) (citing *Clapper v. Amnesty Intl. USA*, 568 U.S. 398, 409 (2013)).  An injury is "certainly impending" when a plaintiff shows "how he or she will be injured prospectively and that the injury would be prevented by the equitable relief sought."  *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012); *Greene*, 262 F. Supp. 3d at 55.

Finally, "a [named] plaintiff seeking to represent a class must personally have standing." *Nicosia*, 834 F.3d at 239.  Indeed, as a general rule, parties must assert their own legal rights and interests.  They cannot rest their claims on the legal rights or interests of third parties.  *Greene*, 262 F. Supp. 3d at 53-57; *see also Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004).  Article III recognizes no exception to the standing rule requiring future injury simply because the plaintiff is pursuing a class action.  *See Simon v. E. Kentucky Welfare Rights Org.,* 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.").

### B.    Plaintiffs Have Not Shown and Cannot Show Standing to Seek Injunctive Relief

This Court should dismiss Count I and the demand for injunctive relief because Plaintiffs cannot show certainly impending future harm resulting from Defendant's allegedly deceptive labeling and marketing.  Plaintiffs' alleged future harm must be an injury-in-fact distinct from the injury for damages and causally related to the alleged deception to be enjoined.  Since Plaintiffs cannot make such a showing, they have no standing to seek injunctive relief.

In deceptive labeling cases, the majority of federal district courts in New York have ruled that a plaintiff's knowledge of the alleged deception precludes the possibility of future harm. *See, e.g., Rodriguez*, 2018 U.S. Dist. LEXIS 28002, at *26 ("[G]iven plaintiffs' awareness of the

allegedly deceptive labeling . . ., there is no risk that, in the future, they will be deceived by the same label into purchasing the Products at a price premium."). *See also Price v. L'Oreal USA, Inc.*, No. 17 Civ. 0614, 2017 U.S. Dist. LEXIS 165931 (S.D.N.Y. Oct. 5, 2017); *Marino v. Coach, Inc.*, 264 F. Supp. 3d 558 (S.D.N.Y. 2017); *Chang*, 2016 U.S. Dist. LEXIS 133571.

In the past, some courts in this district took a different path, with one remarking that "the Second Circuit has apparently not yet directly addressed the issue of whether a plaintiff, with no claim of probable future injury, may pursue an injunction under state consumer protection statutes." *Belifiore v. The Proctor & Gamble Co*., 94 F. Supp. 3d 440, 443 (E.D.N.Y. 2015). That time has passed.  The Second Circuit – presented with this precise issue – concluded that a plaintiff who claims no probable future injury lacks standing to seek injunctive relief.  *Kommer v. Bayer Consumer Health*, 710 Fed. App'x 43 (2d Cir. 2018) (summary opinion).  In *Kommer*, the plaintiff brought a deceptive labeling claim for the packaging of orthotic inserts under sections 349 and 350 of the New York General Business Law.  The Second Circuit affirmed, ruling that plaintiff lacked standing to enjoin defendant's sales practices.  The Court explained that "[e]ven assuming [plaintiff's] past purchases of [the orthotic inserts] resulted in an injury, he has not shown that he is likely to be subjected to further injurious sales of that sort . . . ."  *Id*. at 43.  As the *Kommer* court observed, "now that [plaintiff] knows of Defendants' alleged deception and false advertising, he is no longer likely to purchase another pair . . . ever again."  *Id*.

### C.     Plaintiffs Affirmatively Allege That They Would Not Buy Defendant's Products Again, as Currently Labeled and Marketed

Plaintiffs have not alleged, nor can they allege, that they would buy Defendant's products in the future, as currently marketed and labeled.  They therefore cannot reasonably claim that they would buy the allegedly deceptive products in the future, induced by the same allegedly

deceptive labeling and marketing that they now know about and seek by their Amended Complaint to enjoin.

Plaintiffs' Amended Complaint actually alleges that Plaintiffs would <u>not</u> buy the allegedly offending juices again.  Amended Complaint ¶ 60 (maintaining that – at the time of purchase – they had no reason to know that the juices were "misbranded and misleading," and that "they would not have bought the Products had they known the truth about them.").  *See also id*. ¶¶ 13, 14 ("should [Plaintiffs] encounter the Products in the future, [they] could not rely on the truthfulness of the packaging . . .").  These allegations belie the possibility that Plaintiffs will be "deceived" again into suffering the injury they allegedly sustained in the past.

The allegation that Plaintiffs would buy the product in the future at a lower price, *see* Amended Complaint ¶ 63, does not approach a "certainly impending" injury as a matter of law. *See Sitt v. Nature's Bounty, Inc.*, No. 15-CV-4199, 2016 U.S. Dist. LEXIS 131564, at *22-23 (E.D.N.Y. Sep. 26, 2016) (plaintiff's allegation "that, had she 'known the truth about the Product, [she] would not have been willing to purchase it at a price premium" was insufficient to establish a likelihood of future injury); *see also Kommer,* 710 Fed. App'x at 44 (plaintiff's statement in brief that he would not buy products at the same price was insufficient).  Similarly the allegation – absent here – that Plaintiffs might buy the products in the future without the alleged offending labels cannot establish standing for injunctive relief.  *See, e.g., Atik II*, 2016 U.S. Dist. LEXIS 136056, at *6; *Buonasera v. Honest Co.,* 208 F. Supp. 3d 555, 564-65 (S.D.N.Y. 2016).

Plaintiffs' allegations fail to demonstrate that they will suffer a certainly impending injury.  Therefore, Plaintiffs cannot establish that they meet the constitutional minimum of standing for injunctive relief.

**D.     Plaintiffs Cannot Assert Any Policy Exception To Article III's
         Rules On Standing for Injunctive Relief**

Plaintiffs may argue for a public-policy exception to the future injury requirement for
injunctive relief in consumer protection cases.  When faced with the opportunity[2] to create such
an exception in *Kommer*, the Second Circuit elected not to do so.  Moreover, several district
courts in New York have affirmatively rejected the existence of or rationale for such an
exception.  Accordingly, this Court should not create an exception to Article III solely to allow
Plaintiffs to seek injunctive relief.

Many district courts in New York have rejected an exception in consumer-related actions
as inconsistent with Supreme Court and Second Circuit precedent.  *See Atik I,* 2016 U.S. Dist.
LEXIS 106497, at *10-12 (declining public policy exception as inconsistent with Supreme Court
and Second Circuit precedent) and *Atik II*, 2016 U.S. Dist. LEXIS 136056, at *20 (adopting
recommendation); *Bernardino v. Barnes & Noble Booksellers, Inc.,* No. 17-CV-04570, 2017
U.S. Dist. LEXIS 129038, at *16 (S.D.N.Y.), *adopted by,* 2017 U.S. Dist. LEXIS 137658
(S.D.N.Y. Aug. 28, 2017*)* (neither *Lyons* nor *Nicosia* dictates that Plaintiff has standing to seek
injunctive relief.); *see also Chang v. Fage United States Dairy Indus*., No. 14-CV-3826, 2016
U.S. Dist. LEXIS 133571 (E.D.N.Y. Sep. 28, 2016); *In re Avon Anti-Aging Skincare Creams &
Prods. Mktg. & Sales Practices Litig.*, No. 13-CV-150, 2015 U.S. Dist. LEXIS 133484, at *22
(S.D.N.Y. Sept. 30, 2015) ("Article III does not permit this sort of public policy exception. . . .").

Very recently, in a putative class action claiming deceptive labeling for juices, this Court
ruled that "[a]lthough some district courts have allowed claims for injunctive relief to
proceed . . . these cases are inconsistent with Article III and with Supreme Court and Second

---

[2]  The district court in *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 309-10 (S.D.N.Y. 2017), reiterated *Belfiore'*s contention that the Second Circuit had not addressed the issue, thereby inviting that court to opine on the exception.

Circuit case law." *Davis v. Hain Celestial Group, Inc.*, No. 17-CV-5191, 2018 U.S. Dist. LEXIS 56794, at \*21 (E.D.N.Y. Apr. 3, 2018).  *Davis* concluded that plaintiff "lacks standing to seek an injunction," reasoning that "[t]o the extent that plaintiff was deceived by defendants' products, he is now aware of the truth and will not be harmed again in the same way." *Id*.

Nothing in Article III supports a different rule for a specific type of claim or cause of action.  Accordingly, this Court should dismiss Plaintiffs' claim and demand for injunctive relief under Fed. R. Civ. P. 12(b)(1).

### E. This Court Also Should Dismiss Count I Because The Remedy Of "Injunction" Is Not An Independent Cause Of Action

Plaintiffs' Amended Complaint sets forth a request for injunctive relief in Count I as a separate "cause of action."  Amended Complaint, Count I.  This is impermissible as a matter of law because "[d]eclaratory judgments and injunctions are remedies, not causes of action." *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406 (S.D.N.Y. 2010) ("If the Plaintiffs have viable claims . . . and if those claims entitle them to injunctive relief, then they can apply for that remedy once liability has been established.").  *See Miller v. Wells Fargo Bank, N.A*., 994 F. Supp. 2d 542, 558 (S.D.N.Y. 2014) (plaintiff's declaratory judgment claim dismissed as duplicative of contract claim).  For this reason too, this Court should dismiss Count I of Plaintiffs' Amended Complaint.

## II. PLAINTIFFS LACK STANDING TO ASSERT CLAIMS ARISING UNDER STATE LAW OTHER THAN NEW YORK OR CALIFORNIA

Plaintiffs also lack standing to assert claims under any state law other than that of New York or California.  They nevertheless appear to assert claims that Defendant violated the laws of every state in the country, as well as the law of the District of Columbia.  *See* Amended Complaint ¶ 9.  Ms. Quiroz and Mr. Hernandez do not have standing to assert such claims.

Accordingly, this Court should dismiss Counts I, II, III and VII under Rule 12 (b)(1), to the

extent they include claims under any state law other than New York or California.

      *Mantikas v. Kellogg Co.*, No. 16-CV-2552, 2017 U.S. Dist. LEXIS 83311 (E.D.N.Y. May

31, 2017) (Feuerstein, J.) is instructive.  In *Mantikas*, this Court ruled that the named plaintiffs in

a putative class action lacked standing to assert a claim under Michigan law because the

purchases of the allegedly offending Cheez-It Whole Grain Crackers occurred – as here – in New

York and California, where the named plaintiffs resided.  Relying on *Mosely v. Vitalize Labs,*

*LLC*, No. 13-CV-2472, 2015 U.S. Dist. LEXIS 111857 (E.D.N.Y. Aug. 24, 2015), and *Stolz v.*

*Fage Dairy Processing Indus. S.A.,* No. 14-CV-3826, 2015 U.S. Dist. LEXIS 126880 (E.D.N.Y.

Sept. 22, 2015), this Court concluded that "the named Plaintiffs in this action are unable to assert

claims arising under the laws of a state in which they neither reside nor purchased the Crackers

at issue."  2017 U.S. Dist. LEXIS 83311 at *23.

      In this case, the Amended Complaint purports to assert claims under the laws of states

other than where Plaintiffs reside and where they allegedly purchased the Apple & Eve products.

Specifically, Plaintiffs allege that Apple & Eve markets its juices to consumers in a deceptive

manner proscribed by "consumer protection laws of New York, California, the other 49 [sic]

states and the District of Columbia."  Amended Complaint ¶ 8.  They claim that "Defendant

violates statutes enacted in each of the fifty states and the District of Columbia that are designed

to protect consumers against unfair, deceptive, unconscionable trade and business practices, and

false advertising," and Plaintiffs actually list each of the 51 state statutes.  *Id*. at ¶ 9.

      To be sure, Counts I, II and III are titled as claims brought under New York law, but

these Counts also expressly allege that they are brought "in conjunction with the substantively

similar consumer protection laws of other states and the District of Columbia to the extent New

York consumer protection laws are inapplicable to out-of-state class members." *See id.*, Counts I, II and III.  Count VII, which alleges generic common law fraud, also states that it is brought "in conjunction with the substantially similar common law of other states and the District of Columbia." *Id.*

The only reasonable reading of Plaintiffs' Amended Complaint is that Plaintiffs are attempting to sue under the consumer protection statutes and the common law of all fifty states and the District of Columbia.  Plaintiffs cannot do this, however, because they lack standing to sue under any state law other than that of New York or California.  Under the authority of *Mantikas, Mosely* and *Stolz*, this Court should dismiss Counts I, II, III and VII to the extent that these Counts assert claims under any state law other than that of New York or California.  This Court also should strike paragraphs 8 and 9 of the Amended Complaint, for the same reasons.

**III.    PLAINTIFFS CANNOT STATE A CLAIM UNDER THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT BECAUSE THEY DID NOT ALLEGE GIVING WRITTEN NOTICE TO DEFENDANT BEFORE COMMENCING THIS LITIGATION**

Apple & Eve also moves to dismiss Count IV of the Amended Complaint, which purports to state a claim under California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA").

The CLRA provides a private cause of action for restitution.  It follows that, before filing suit under the CLRA, the consumer must give notice to the defendant of the "particular alleged violations" <u>and</u> must demand that the defendant "correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation" at least thirty days prior to commencing a CLRA action.  Cal. Civ. Code § 1782 (a) (1) and (2).  *See, e.g., Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007).

Plaintiffs do not allege that they gave notice to Apple & Eve at least thirty days prior to commencing this action, nor do they allege that any demand was made that Apple & Eve correct the purported violations.  (Nor could they have so alleged, because there was no such notice or demand.)  Therefore, Plaintiffs have failed to comply with a statutory condition precedent to asserting a claim under the CLRA, and Count IV of Plaintiffs' Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) as a matter of law.

<u>CONCLUSION</u>

For all of the foregoing reasons, Defendant Apple & Eve, LLC respectfully requests that this Court:  1) dismiss Count I and paragraph (f) of the *ad damnum* clause of the Amended Complaint because Plaintiffs lack standing to recover injunctive relief and because there is no independent cause of action for injunctive relief; 2) dismiss Counts I, II, III and VII, to the extent these Counts incorporate alleged violations of any state law other than that of New York or California, based on Plaintiffs' lack of standing; and 3) dismiss Count IV for Plaintiffs' failure to allege they provided written notice and a demand for cure to Defendant prior to commencing this litigation.

Dated:  April 18, 2018

Respectfully submitted,

**DUANE MORRIS LLP**

/s/ Dana B. Klinges
Dana B. Klinges
Sean P. McConnell
30 S. 17th Street
Philadelphia, PA 19103
Tel.: 215.979.1143
Fax: 215.979.1020
dklinges@duanemorris.com
spmcconnell@duanemorris.com

Stephanie P. Chery
1540 Broadway
New York, New York 10036
Tel.: 212.692.1000
Fax: 212.202.4562
schery@duanemorris.com
*Attorneys for Defendant Apple & Eve, LLC*

## **CERTIFICATE OF SERVICE**

Stephanie P. Chery, hereby certifies that on the date set forth below, she caused a true and correct copy of Defendants' Memorandum in Support of Motion for Partial Dismissal of Plaintiffs' Amended Complaint to be served via FedEx Priority Overnight Mail as follows:

> C.K. Lee, Esq.
> Anne Seeling, Esq.
> Lee Litigation Group, PLLC
> 30 East 39th Street, Second Floor
> New York, NY 10016
> *Attorneys for Plaintiff and the Class*


/s/ Stephanie P. Chery
Stephanie P. Chery

Dated:  April 18, 2018