UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DANIELA QUIROZ and GILBERT
HERNANDEZ *on behalf of themselves and
others similarly situated,*

                                              **REPORT AND**
                                              **RECOMMENDATION**
                           Plaintiff,              CV 18-0401 (SJF) (ARL)

        -against-

APPLE & EVE, LLC,

                          Defendant.
-----------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Plaintiffs Daniela A. Quiroz and Gilbert Hernandez bring this action individually and on behalf of others similarly situated ("Plaintiffs") against Apple and Eve, LLC ("Defendant" or the "Company") for injunctive relief and damages arising out of alleged deceptive labeling of certain of Defendant's juice products. Currently before the Court, on referral from District Judge Feuerstein, is the Defendant's motion for partial dismissal of Plaintiffs' First Amended Complaint ("Am. Compl.") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and12(b)(6). For the reasons set forth below, the undersigned respectfully reports and recommends that Defendant's motion to dismiss be granted, in part, and denied, in part.

## BACKGROUND

### I. Factual Background

       The following facts are drawn from the Complaint and are accepted as true for purposes of the instant motion. *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). These facts, however, do not constitute findings of fact by the Court. *See Colvin v. State University College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

Plaintiffs, residents of New York and California, purport to represent a nationwide class of "similarly situated" persons including citizens of the fifty states and the District of Columbia, who purchased certain varieties of the Company's juice products. Am. Compl. ¶¶ 5, 9, 13, 14, 99. The Company is a Delaware corporation with its principal place of business in Port Washington, New York. *Id*. at ¶ 15. Defendant develops, markets and sells beverage products under the "Apple & Eve" brand name throughout the United States. *Id.* at ¶ 16.

According to the Amended Complaint, on September 25, 2017, Plaintiff Quiroz purchased an eight-pack of 6.75 fl. oz. boxes of Apple & Eve Cranberry Raspberry Juice at a store in New York, for the price of $2.99. Plaintiff Quiroz purchased the product relying on Defendant's representations on packaging which stated that the product had "no sugar added" and was "preservative free." *Id.* at ¶ 13. Plaintiff alleges that she was misled to believe the product had a lower caloric value than its competitors because it stated no sugar was added. *Id.* According to Plaintiff, she was deprived of the benefit of the bargain because the product delivered was of significantly less value than the product she believed she was purchasing based upon the labelling. *Id.*

The Amended Complaint further alleges that, on November 15, 2017, Plaintiff Hernandez purchased an 8-pack of 6.75 fl. oz. boxes of Apple & Eve Apple Juice in California for the price of $3.99. *Id.* at ¶ 14. Plaintiff Hernandez alleges that he paid this amount on the assumption that he was purchasing a lower calorie, preservative-free product. According to the Amended Complaint, he would not have been willing to pay this sum had he known it was mislabeled. *Id.*

The Amended Complaint contends that "[b]y representing that the Products have 'no preservatives have been added' Defendant seeks to capitalize on consumers' preference for healthier foods and drinks with fewer additives, and the association between these products and

2

a wholesome way of life." *Id.* at ¶ 53. "A representation that a product has no preservatives or no sugar added is material to a reasonable consumer when deciding to purchase it. Plaintiffs did, and a reasonable consumer would, attach importance to whether Defendant's Products have "No Sugar Added" or no preservatives added because it is common knowledge that consumers prefer to avoid foods with higher calories and potentially unhealthy additives." *Id.* at ¶ 55. Plaintiffs purport to bring this action on behalf of "all persons or entities in the United States who made retail purchases of Products during the applicable limitations period." *Id.* at ¶ 66.

Plaintiffs assert claims for:

<u>Injunction for Violations of New York General Business Law § 349</u> (Deceptive and Unfair Trade Practices Act), which is brought on behalf of the nationwide class, in conjunction with the substantively similar consumer protection laws of other states and the District of Columbia to the extent New York consumer protection laws are inapplicable to out-of-state Class members, or, in the alternative, on behalf of the New York Class (Count I);

<u>Damages for Violations of New York General Business Law § 349</u> (Deceptive and Unfair Trade Practices Act), which is brought on behalf of the nationwide class, in conjunction with the substantively similar consumer protection laws of other states and the District of Columbia to the extent New York consumer protection laws are inapplicable to out-of-state Class members, or, in the alternative, on behalf of the New York Class (Count II);

<u>Damages for Violations of New York General Business Law § 350</u> (False Advertising), which is brought on behalf of the nationwide class, in conjunction with the substantively similar consumer protection laws of other states and the District of Columbia to the extent New York consumer protection laws are inapplicable to out-of-state Class members, or, in the alternative, on behalf of the New York Class (Count III);

<u>Violations of California's Consumer Legal Remedies Act</u> (Cal. Civ. Code §§1750, *et seq.*), which is brought individually and on behalf of the California class (Count IV);

<u>Violation of California's Unfair Competition Law</u> (Cal. Bus. & Prof. Code §§ 17200, *et seq.*), which is brought individually and on behalf of the California class (Count V);

<u>Violation of California's False Advertising Law</u>, (Cal. Bus. & Prof. Code §§ 17500, *et seq.*), which is brought individually and on behalf of the California class (Count VI); and

<u>Common Law Fraud,</u> which is brought on behalf of the nationwide class, in conjunction with the substantively similar consumer protection laws of other states and the District of Columbia to the extent New York consumer protection laws are inapplicable to out-of-state Class members, or, in the alternative, on behalf of the New York Class (Count VII).

Defendant filed a motion for partial dismissal of Plaintiffs' First Amended Complaint. Defendant argues that Plaintiffs' claim for injunctive relief in Count I of the First Amended Complaint and demand for injunctive relief in the *ad damnum* clause must be dismissed because Plaintiffs lack standing to assert this claim. Additionally, Defendant contends that to the extent Plaintiffs purport to assert claims under the laws of states other than New York or California, those claims must be dismissed because Plaintiffs lack standing to assert them.[1] Finally, Defendant moves to dismiss Plaintiffs' claim under the California Legal Remedies Act because Plaintiffs failed to comply with a statutory condition precedent to filing suit. Plaintiffs oppose the motion.

---

[1] On October 10, 2018, Defendant submitted a letter requesting that the Court defer ruling on this aspect of Defendant's motion to dismiss until after resolution of Plaintiffs' motion for class certification.

## II.     Procedural Background

Plaintiffs filed the original complaint on January 19, 2018 and the First Amended Complaint ("Am. Compl.") on February 5, 2018.  On May 14, 2018, Defendant moved to dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6).  By Order dated September 18, 2018, this motion was referred to the undersigned by Judge Feuerstein.

## DISCUSSION

## I.     Standard of Review

### A.    Rule 12(b)(1)

"'When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds, such as Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must consider the Rule 12(b)(1) motion first.'"  *Craig x. Saxon Mortg. Servs., Inc.*, No. 13-CV-4526, 2015 WL 171234, at *4 (E.D.N.Y. Jan. 13, 2015) (quoting *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"[F]ederal courts are courts of limited jurisdiction which thus requires a specific grant of jurisdiction."  *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009) (internal quotation marks and citations omitted); *see Gunn v. Minton*, 568 U.S. 251 (2013); *see also Allen v. Mattingly*, No. 10 CV 0667 (SJF)(ARL), 2011 U.S. Dist. LEXIS 34206, 2011 WL 1261103, at *5 (E.D.N.Y. Mar. 29, 2011) ("[f]ederal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction") (citations omitted).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional

5

power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Under both Rule 12(b)(1) and Rule 12(b)(6) "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations and internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010). "When considering a motion to dismiss, courts are generally limited to examining the sufficiency of the pleadings, but where a party challenges the court's subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings." *Baurv. Comm'r of Soc. Sec.*, No. 10-CV03781 (CBA), 2011 U.S. Dist. LEXIS 52128, 2011 WL 1877726, at *2 (E.D.N.Y. May 16, 2011) (internal quotation marks and citation omitted). Moreover, "[i]n contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *MacPherson v. Town of Southampton*, 738 F. Supp. 2d 353, 361 (E.D.N.Y. 2010). Finally, "subject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630, (2002); *see Feinstein v. Chase Manhattan Bank*, No. 06 CV 1512 JFB ARL, 2006 U.S. Dist. LEXIS 16507, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006)

    **B.**    **Rule 12(b)(6)**

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss pursuant to Rule 12(b)(6). District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

6

at 679.  Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.*  Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully."  *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

For the purposes of a Rule 12(b) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and to matters of which judicial notice may be taken."  *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quotation omitted); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).  In addition, "in some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss."  *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).  "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'"  *Id.* (citation and internal quotation marks omitted).  "Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering 'limited quotation[s]' from the document is not enough."  *Id.* (quoting *Global Network*, 458 F.3d at 156).  "'In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason -- usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim -- was not attached to the

7

complaint." *Id*. (quoting *Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)). In addition, "'[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Global Network*, 458 F.3d at 157 (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

**II.     Standing for Injunctive Relief**

Defendant move to dismiss Count I of the First Amended Complaint seeking injunctive relief and their demand for injunctive relief in the *ad damnum clause* because Plaintiffs cannot show impending future harm resulting from Defendant's allegedly deceptive labeling and marketing and, therefore Plaintiffs lack standing to pursue this claim.

"Standing is a federal jurisdictional question determining the power of the court to entertain the suit." *Carver v. City of New York*, 621 F.3d 221, 225 (2d Cir. 2010) (internal quotation marks and citation omitted). "Article III of the Constitution limits judicial power of the United States to the resolution of cases and controversies. This limitation is effectuated through the requirement of standing." *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 489 (2d Cir. 2009) (citations omitted). "To invoke the jurisdiction of the federal courts and establish standing a plaintiff must [1] allege personal injury [2] fairly traceable to the defendant's allegedly unlawful conduct and [3] likely to be redressed by the requested relief." *Sharpe v. Mental Health Sys. of the U.S.*, 357 F. App'x 373, 374 (2d Cir. 2009) (internal quotation marks and citation omitted) (alterations in original); *see Lamar Adver. of Penn, LLC v. Town of Orchard Park, N.Y.*, 356 F.3d 365, 373 (2d Cir. 2004) ("[t]o meet Article III's constitutional requirements for standing, a plaintiff must allege an actual or threatened injury to himself that is fairly

8

traceable to the allegedly unlawful conduct of the defendant") (internal quotation marks and citation omitted).

"To meet Article III's injury-in-fact requirement, a plaintiff's alleged injury must be concrete and particularized as well as actual or imminent, not conjectural or hypothetical." *Carrion v. Singh*, No. 12-CV-0360 (JFB)(WDW), 2013 U.S. Dist. LEXIS 34181, 2013 WL 639040, at * 5 (E.D.N.Y. Feb. 21, 2013) (internal quotation marks and citations omitted). "Standing cannot be predicated on . . . generalized grievances about the conduct of government." *Sharpe*, 357 F. App'x at 374 (internal quotation marks and citation omitted). "Demonstrating that the defendant's allegedly unlawful conduct caused injury to the plaintiff [him]self is thus generally an essential component of Article III standing." *Mahon v Ticor Tile Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citations omitted). "Foremost among the prudential requirements is the rule that a party must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Wight v. BankAmerica Corp.*, 219 F.3d 79, 86 (2d Cir. 2000) (internal quotation marks and citation omitted).

In the Second Circuit "'[a] plaintiff seeking to represent a class must personally have standing' to pursue 'each form of relief sought.' A plaintiff "lack[s] standing to pursue injunctive relief [if he is] unable to establish a 'real or immediate threat' of injury.'" *Kommer v. Bayer Consumer Health*, 710 Fed. Appx. 43, 44 (2d Cir. 2018) (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 238 (2d Cir. 2016); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111-12, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)). "[P]ast injuries . . . [therefore] do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that []he is likely to be harmed again in the future in a similar way." *Id.* (quoting *Nicosia*, 834 F.3d at 238).

9

Plaintiffs here seek to enjoin Defendant "from marketing the Products as having 'No Sugar Added' and claiming '[No] preservatives have been added.'" Am. Compl. ¶ 87. Plaintiffs do not allege that absent the injunction they will be deceived again into suffering the injury allegedly suffered in the past. Defendant argues that even if Plaintiffs were injured by overpaying for the products that they purchased, there is no likelihood they will purchase additional Products, and thus be injured again, depriving them of standing to seek injunctive relief. This position is supported by numerous authorities in the Circuit. *See, e.g., Daniel v. Tootsie Roll Indus., LLC*, No. 17 Civ. 7541 (NRB), 2018 U.S. Dist. LEXIS 129143, 2018 WL 3650015 (S.D.N.Y. Aug. 1, 2018) (dismissing claim for injunctive relief where named class plaintiffs would not be likely to purchase product again"); *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 339 (E.D.N.Y. 2018) ("To the extent that plaintiff was deceived by defendants' products, he is now aware of the truth and will not be harmed again in the same way. He therefore lacks standing to seek an injunction."); *Alce v. Wise Foods, Inc.*, No. 17 Civ. 2402 (NRB), 2018 U.S. Dist. LEXIS 54009, 2018 WL 1737750 (S.D.N.Y. Mar. 27, 2018) ("Consumers who were misled by deceptive food labels lack standing for injunctive relief because there is no danger that they will be misled in the future."); *Bernardino v. Barnes & Noble Booksellers, Inc.,* No. 17-CV-04570 (LAK) (KHP), 2017 U.S. Dist. LEXIS 129038 (S.D.N.Y. Aug. 11, 2017) (dismissing class action complaint where named plaintiff indicated she would not purchase product again and therefore lacked standing).

Plaintiffs argue that the claim should be allowed to go forward because "[a]n injunction in connection with a class action is designed to afford protection of future consumers from the same fraud. It does this by permitting the plaintiff to sue on their behalf." *Belfiore v. P&G*, 94 F. Supp. 3d 440, 445 (E.D.N.Y. 2014). However, as recognized by the court in *Bernardino,*

10

"[w]hile there may be legitimate policy reasons to relax the standing requirements for a preliminary injunction in the consumer protection context, *Lyons* and *Nicosia* nevertheless dictate that Plaintiff here does not have standing to seek injunctive relief." 2017 U.S. Dist. LEXIS 129038 at *16 (citing *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304 (S.D.N.Y. May 18, 2017); *Chang v. Fage USA Dairy Indus., Inc.*, No. 14-cv-3826 (MKB), 2016 U.S. Dist. LEXIS 133571, 2016 WL 5415678, at *5 (E.D.N.Y. Sept. 28, 2016)). This position is consistent with the Second Circuit's most recent pronouncement in *Kommer v. Bayer Consumer Health*, 710 Fed. Appx. at 44.

Accordingly, the undersigned respectfully recommends that Defendant's motion to dismiss Count I of the Amended Complaint and strike Plaintiffs' demand for injunctive relief in the *ad damnum* clause be granted.

**III.    Standing To Assert Claims Arising Under State Law**

Defendant seeks to dismiss Plaintiffs' claims under the consumer protection laws of any state other than New York or California because Plaintiffs allegedly purchased products only in their home states of New York and California and therefore lack standing to pursue claims under state statutes in all other states. By letter dated On October 10, 2018, Defendant requested that the Court defer ruling on this aspect of Defendant's motion to dismiss until after resolution of Plaintiffs' motion for class certification.

However, the Second Circuit has recently set forth its position on this issue. In *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88 (2d Cir. 2018), the Court stated the "because there has been considerable disagreement over this question in the district courts, we write to make explicit what we previously assumed in *In re Foodservice Inc. Pricing Litigation*, 729 F.3d 108 (2d Cir. 2013): as long as the named plaintiffs have standing to sue the named defendants,

11

any concern about whether it is proper for a class to include out-of-state, nonparty class members with claims subject to different state laws is a question of predominance under Rule 23(b)(3), *id*. at 126-27, not a question of 'adjudicatory competence' under Article III." *Id*. at 93.

Thus, the Court respectfully recommends that Defendant's motion to dismiss Plaintiffs' claims under the consumer protection laws of any state other than New York or California because Plaintiffs lack standing to assert those claims be denied.

IV. **Restitution Under California Law**

Defendant moves to dismiss Count IV of the Amended Complaint, which purports to state a claim under California's Consumer Legal Remedies Act on the ground that Plaintiffs failed to comply with a statutory condition precedent before asserting a claim. According to Defendant, Plaintiffs were required to give notice to Defendant of the particular alleged violations and must demand that Defendant "correct, repair, replace, or otherwise rectify" the alleged violation at least 30 days prior to filing suit. Plaintiffs' sole response is that they are required to give notice for damage claims and not when seeking injunctive relief, and, here, Plaintiffs are requesting injunctive relief. This Court has already determined that Plaintiffs lack standing to seek injunctive relief and therefore, the undersigned respectfully recommends that Count IV of the Amended Complaint be dismissed.

**OBJECTIONS**

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to

Judge Feuerstein prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal of the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        January 28, 2019

**SO ORDERED:**

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge