```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DANIELA QUIROZ and GILBERT
HERNANDEZ, *on behalf of themselves and
others similarly situated*,

                          Plaintiffs,

     -against-                                              ORDER
                                                            18-CV-0401 (SJF)(ARL)
APPLE & EVE, LLC,

                          Defendant.
----------------------------------------------------------X
```

FILED
CLERK

12:32 pm, Feb 26, 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

Pending before the Court is the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated January 28, 2019 ("the Report"), *inter alia*, (1) recommending (A) that so much of the motion of defendant Apple & Eve, LLC ("defendant") as seeks dismissal of the claims of plaintiffs Daniela Quiroz and Gilbert Hernandez (collectively, "plaintiffs") in the amended complaint for injunctive relief pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and under the California Consumer Legal Remedies Act pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted, (B) that those claims be dismissed in their entirety, and (C) that defendant's motion otherwise be denied; and (2) advising, *inter alia*, (a) that "[p]ursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of th[e] Report . . . to file written objections[,]" (Report at 12), and (b) that "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal of the District Court's Order." (*Id.* at 13) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir.

1

1996)). A copy of the Report was served upon counsel for all parties via ECF on January 28, 2019. (*See* Docket Entry ["DE"] 34).

No party has filed any timely objections to the Report, nor sought an extension of time to do so. For the reasons set forth below, the Report is accepted in its entirety.

I. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is

exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord Maitland v. Fishbein*, 712 F. App'x 90, 92 (2d Cir. Feb. 26, 2018) (summary order).

II. Review of Report

Since no party has filed any timely objections to Magistrate Judge Lindsay's Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, (i) the branches of defendant's motion seeking dismissal of plaintiffs' claims for injunctive relief pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and plaintiffs' claim under the California Consumer Legal Remedies Act pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are granted; (ii) plaintiffs' claims for injunctive relief (Count I and paragraph (f) of the *ad damnum* clause of the amended complaint) are dismissed in their entirety for lack of standing; (iii) plaintiffs' claim under the California Consumer Legal Remedies Act (Count IV of the amended complaint) is dismissed in

its entirety with prejudice for failure to state a plausible claim for relief; and (iv) defendant's motion is otherwise denied.

SO ORDERED.

                                                                   /s/
                                            SANDRA J. FEUERSTEIN
                                            United States District Judge

Dated: February 26, 2019
       Central Islip, New York